**Milagros David MANGUERRA,
Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

No. 22035.

United States Court of Appeals
Ninth Circuit.

March 7, 1968.

Nicholas A. Naffeo (argued), Renton, Wash, for appellant.

Albert E. Stephen (argued), Asst. U. S. Atty., Eugene G. Cushing, U. S. Atty., John P. Boyd, District Director, INS, Seattle, Wash., Steve Suffin, Atty., INS, Cecil F. Poole, U. S. Atty., San Francisco, Cal., Ramsey Clark, Atty. Gen., of the United States, Maurice A. Roberts, Dept. of Justice, Washington, D. C., for appellee.

Before HAMLEY, JERTBERG and BROWNING, Circuit Judges.

JERTBERG, Circuit Judge:

Petitioner Manguerra is in this Court under 8 U.S.C. § 1105a requesting that the order of respondent Immigration and Naturalization Service (I&NS) that she be deported be set aside.

Petitioner was born in the Phillipine Islands in 1935. On September 2, 1966, she entered the United States as a temporary visitor with leave to remain until October 2, 1966. At that time she held a Phillipine passport certifying her Phillipine citizenship.

After being in the United States some three weeks, on September 30, 1966, petitioner applied to respondent I&NS for a change of status from that of visitor to that of student. On November 30, 1966, her application was denied because s' e "failed to establish (her) financial abili'y to support and maintain (herself) during (her) stay as a full-time student," and because she "failed to establish the bona fides of (her) application."

On December 14, 1966, she appealed from that denial. On that appeal she offered a certificate from the Seattle First National Bank dated December 12, 1966, stating that on that day $1000 had been credited to the account of "Milagros D. Manguerra or Mrs. Luz L. Estigoy." Petitioner's appeal was dismissed on February 23, 1967.

In early March, petitioner was notified that she must depart from the United States by March 17, 1967. She did not do so. Consequently, on March 23, 1967, the present deportation proceedings were commenced against her by the issuance of an order to show cause why she should not be deported. The order charged her with being a nonimmigrant visitor who has "remained in the United States for a longer time than permitted."

On April 7, 1967, deportation hearings began before a Special Inquiry Officer (SIO). At petitioner's request, the hearings were twice continued. Petitioner's counsel charged the SIO with bias and requested his withdrawal from the case because he refused to allow petitioner's counsel to argue at length on a jurisdictional question. The SIO refused this request. On April 28, 1967, he entered an order of deportation against petitioner. The Board of Immigration Appeals (BIA) dismissed her appeal from this order on June 30, 1967. Petitioner seeks review of that dismissal.

Petitioner specifies four errors:

"1. The Immigration and Naturalization Service erred in instituting and prosecuting this case on the basis of an Order to Show Cause which made the entire deportation proceeding null and void. The sole and exclusive authority for the deportation of aliens is Section 242(a) (b) Of the Immigration and Nationality Act of 1952, 8 USC 1252(a) (b).

2. The deportation proceedings were nullified because petitioner did not receive a fair hearing in view of personal prejudice and bias shown by the Special Inquiry Officer, such bias and prejudice denying constitutional due process to petitioner.

3. The Immigration Service should be equitably estopped to deport the petitioner because of the petitioner's uncontradicted evidence that she was given permission by the Service to enter upon her studies as a nurse.

4. It was error for the Immigration Service to consider petitioner as an alien and not as an United States National."

In regard to the first specification of error, petitioner argues that the use of an order to show cause to commence the deportation proceedings was erroneous because 8 U.S.C. § 1252(a) and (b) require an arrest procedure and because the order to show cause procedure shifts the burden of proof in the proceedings to petitioner instead of leaving it on respondent. Petitioner also contends that the procedure was unconstitutional because she was not adequately notified of the seriousness of the proceedings and of her right to counsel.

There is sufficient statutory authority for the use of an order to show cause. Section 1252(a) provides that pending a determination of deportability, an "alien *may*, upon warrant of the Attorney General, be arrested and taken into custody." (Emphasis added). Section 1252(b) provides that:

"Proceedings before a special inquiry officer acting under the provisions of this section shall be in accordance with such regulations, not inconsistent with this chapter, as the Attorney General shall prescribe."

Petitioner contends that the regulation in 8 C.F.R. 242.1 authorizing use of orders to show cause in deportation proceedings is inconsistent with the arrest provision of § 1252(a). Petitioner misreads that subsection. It is permissive, not mandatory. The use of an order to show cause in this case was proper and authorized.

Use of an order to show cause does not, in itself, impermissibly shift the burden of proof onto petitioner. Ben Huie v. Immigration and Naturalization Service, 349 F.2d 1024 (9th Cir. 1965). Here, the record reveals that respondent carried its burden of proof by presenting clear, substantial, and unequivocal evidence.

Use of an order to show cause did not deprive petitioner of any of her constitutional rights. There is no showing that

she was deprived of any right to counsel. She has been represented by counsel from the beginning of the deportation proceedings through this review. There is also no showing that petitioner was not prepared for the hearings or was not aware of their seriousness. On the contrary, her communications with respondent evidence her great concern about deportation.

■ The second specification of error alleges denial of a fair hearing because of bias on the part of the SIO. Our careful reading of the record and hearing transcript convinces us that the SIO conducted the hearings with admirable impartiality. On the appeal to the BIA, petitioner for the first time charged the SIO with being a co-conspirator with another I&NS official in converting the money in petitioner's joint bank account. Petitioner offers no evidence to support this belated claim of prejudice. The SIO's conduct of the hearings was entirely proper and his decision is amply supported by the evidence.

■ In petitioner's third specification of error, she contends that respondent is equitably estopped from deporting her because an unidentified "someone" in respondent's office orally told her that she could stay in the United States and become a nurse. That alleged statement hardly rises to the stature of estoppel. All the communications from respondent to petitioner that are included in the record here informed her that she must leave the country.

■ Finally, petitioner claims that she cannot be deported because she became a United States national at birth and that status cannot be taken away without her consent. The United States Supreme Court in Rabang v. Boyd, 353 U.S. 427, 77 S.Ct. 985, 1 L.Ed.2d 956 (1957) held to the contrary. We find no cases that indicate any change in the rule. Respondent properly treated petitioner as an alien.

The petition is dismissed.